# Carter *v.* The State.

### *Murder.*

(Decided June 30, 1908.  47 South. 191.)

1. *Charge of Court; Intoxication; Argumentative Instructions.*—If not otherwise faulty, a charge is properly refused as argumentative which asserts that a person may, in many instances, be so drunk as to be incapable of forming or entertaining any specific intent.

2. *Same; Covered by Instructions Given.*—The court will not be put in error for refusing written instructions substantially covered by instructions already given.

3. *Same; Misleading Instructions.*—A charge is argumentative and misleading which asserts that intoxication may render defendant incapable of forming or entertaining the specific intent which is a material ingredient of murder.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Lee Carter was convicted of murder in the 2nd degree, from which he appeals.  Affirmed.

TATE & WALKER, for appellant.  The court should have given written charges 1 and 3.—*King v. The State,* 90 Ala. 612; *Mooney v. The State,* 33 Ala. 419; *Ford v. The State,* 71 Ala. 385; *Morrisson v. The State,* 84 Ala. 405.

ALEXANDER M. GARBER, Attorney-General, for the State.  The law does not require that there be a specific intent, and hence, charges 1 and 3 were bad.— *Wall v. The State,* 90 Ala. 618; *Jackson v. The State,*

[Carter v. The State.]

94 Ala. 85; *Cleveland v. The State,* 86 Ala. 1; *Smith v. The State,* 45 South. 626.   Charge 2 was bad.—*Cleveland v. The State, supra; Springfield v. The State,* 96 Ala. 81.

HARALSON, J.—The defendant was indicted for the murder of one Payton Gaither.

He was defended on the ground that he was so drunk at the time as to be incapable of committing crime.   The evidence on this question was of a character to make it proper to be submitted to the jury.   He was found guilty of murder in the second degree, and sentenced to the penitentiary for 25 years.

The only insistence of error on the part of defendant's counsel was that the court erred in refusing to give four charges.

The first charge refused is : "A person may in many instances be so drunk as to be incapable of forming or entertaining any specific intent at all."   this charge is argumentative, and was properly refused for that reason, if it was not otherwise faulty.

The second charge was substantially covered by charges given at defendant's request.

The third charge reads :   "Intoxication may render the accused incapable of forming or entertaining the specific intent which is a material ingredient of the crime of murder"—and was bad.   It was argumentative and calculated to mislead the jury.—*Walls v. State,* 90 Ala. 618, 621, 8 South. 680

The fourth charge it is unnecessary to consider.   The defendant was not found guilty of murder in the first degree.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.